UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODETTE MONICA RIEGMAN,<br><br>             Plaintiff,<br><br>         v.<br><br>SAN MATEO COUNTY, et al.,<br><br>             Defendants. | Case No.  20-cv-09303-JST   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 37 |

   The parties are at an impasse concerning the deposition of Lt. Kelly Smith of the San Mateo County Sheriff's Department.

   Plaintiff's interrogatory No. 2 asked San Mateo to "[i]dentify the person with ultimate responsibility for the physical welfare of inmates at the [Maguire Correctional Facility] on December 16, 2019," the day Plaintiff was held in custody.  *See* ECF No. 1 (complaint).  The County objected that the term "ultimate responsibility" was vague and ambiguous and called for a legal conclusion.  Subject to those objections, the County identified Smith as the watch commander for the 6:00 p.m. to 6:00 a.m. shift.

   Plaintiff now seeks to depose Smith, and the parties' meet and confer efforts have been unproductive.  As matters stand now, Smith is being deployed today and tomorrow to fight the Dixie fire.  Thursday, August 19, is his scheduled day off.  The County says he is not available for a deposition in the daytime on August 20 or 21 because he works nights those days.  August 21 is his last day with the County, after which he will be retired.  Smith has not authorized the County to accept service of a subpoena on his behalf.

   The allegations in the Complaint make Smith a relevant enough witness to warrant a deposition.  The County has not made a showing that a protective order barring this deposition

under Rule 26(c) is warranted under the circumstances. The Court is aware there is a pending motion to dismiss, but unless and until it is granted, discovery is open.

So, the real question is when Smith should be deposed. Delaying the deposition until after Smith is retired would be more convenient for the witness, but as he has refused to authorize County counsel to accept a subpoena on his behalf, that would unnecessarily increase the expense of this deposition by forcing Plaintiff to track Smith down and subpoena him. For a witness who refuses to let counsel of record accept a subpoena on his behalf, it is better to conduct the deposition while he is still under the County's control. During the time Smith is still in the County's employment, his scheduled day off is August 19, so that seems like the most convenient date for him. Accordingly, the Court orders San Mateo County to make Smith available for a remote deposition on August 19. In the alternative, if Smith authorizes County counsel to accept service of a subpoena on his behalf and commits to a date certain for his remote deposition by the end of August, he need not appear for deposition on August 19.

**IT IS SO ORDERED.**

Dated: August 17, 2021

THOMAS S. HIXSON
United States Magistrate Judge